## Welsh Brothers v. John Harvey.

1. COMMENCEMENT OF SUIT—*presentation of claim not essential to.* Presentation of a claim to the debtor for payment is not essential to the right of the creditor either to commence or maintain his suit.

Action commenced before justice of the peace. Appeal from the County Court of Jefferson county; the Hon. CONRAD SCHUL, Judge, presiding. Heard in this court at the February term, 1906. Affirmed. Opinion filed September 14, 1906.

ROBERT M. FARTHING, for appellants.

WILLIAM H. GREEN, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

At the time the controversy concerning the matters

involved in this suit arose, appellants were railroad contractors, engaged in grading a portion of the road-bed of a railroad then being constructed through Jefferson county in this state. Appellee was employed by appellants on different occasions, sometimes working with his team and at other times taking contracts to clear portions of the right of way. Some trouble arose between the parties and appellee brought suit before a justice of the peace against appellants, and afterwards in the County Court, to which the cause was appealed; he obtained judgment against appellants for $52.96.

Appellants claim appellee was not entitled to maintain his suit against them, for the reason that he had not entirely completed his contract and because he demanded payment before bringing suit from one of appellants at a place on the railroad right of way, several miles from appellants' office or camp, and upon being told to go to the office or camp and he would be paid, refused to do so.

Upon the question whether certain contract work which appellee undertook to do, had been fully completed, there was some conflict in the evidence, but it clearly appears that such work was substantially done and that appellants availed themselves of it in their general work of construction. Appellants admitted on the trial that they owed appellee something, but questioned the amount claimed.

There was evidence, however, from which the court, before whom the case was tried without a jury, was warranted in finding the indebtedness to amount to the sum named in the judgment. At the time appellee made a demand for money from James Welsh, one of appellants, he simply stated that he wanted some money, not mentioning any certain amount. A controversy arose between them, the exact purport of which does not plainly appear, and Welsh told appellee, if he would go to the camp, he would pay him. It does not appear however, that Welsh said he would pay him the full amount of the bill for which this suit was brought,

nor that appellee at that time asked for the full amount claimed to be due him.

Appellants, while insisting that appellee should have presented his bill to them at their office or camp on the right of way, do not say that they would have paid him the amount claimed, and as they now contest the amount of the claim and insist that they did not owe appellee that much, it is to be presumed they would not have done so.

The facts shown do not present a case which made it necessary for appellee to present his claim to appellants at their office or camp on the right of way before commencing suit.

The judgment of the court below will be affirmed.

*Affirmed.*